BARKER, Respondent, vs. RING, Appellant.

*September 7 — September 28, 1897.*

*Agency: Evidence as to facts not pleaded: Counterclaim: Compromise
by agent: Instructions.*

1. Where, in an action on a contract for sawing logs, the answer al-
   leges as a defense that the defendant in making such contract
   was acting as agent for another, and also sets up a counterclaim
   for the conversion by plaintiff of a part of the lumber sawed,
   *held* that, no transfer of the owner's claim for such conversion to
   defendant having been set up by the answer, evidence thereof was
   not admissible.
2. The ruling out of testimony as being irrelevant is not error, when
   the fact which might have been established by it was not pleaded
   nor offered to be pleaded, nor was any intimation given as to what
   the effect of the evidence would be.

3. The refusal of an instruction as to the effect of a compromise is not error, in a case where no compromise has been pleaded.
4. A compromise, to be valid, must be of conflicting claims, and must bind both parties.
5. A principal is not bound by a compromise made by his agent, unless the latter had authority to make it.

APPEAL from a judgment of the circuit court for Clark county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This was an action to recover for sawing 27,000 feet of lumber at $4 per 1,000, and for labor in making and hauling shingles, boarding men, and feeding teams, upon implied contract; the amount claimed by the plaintiff amounting in all to $168.51. The defense was that the work was done under an agreement made by the defendant, not upon his own behalf, but simply as agent for one Charles W. Brown, the owner of the logs, of which fact the plaintiff had knowledge. An alleged offset or counterclaim was also pleaded to the effect that the plaintiff had converted to his own use 15,000 feet of lumber, worth $22 per thousand. There was no dispute on the trial as to the amount sawed, or the price agreed to be paid therefor, nor as to the amount and value of services rendered. The questions which were litigated were: Did the defendant make the contract with the plaintiff without informing him that Brown was the owner of the logs, thus making himself personally liable as upon contract for an undisclosed principal? And, second, Did the plaintiff sell and apply to his own use any of the lumber manufactured from the logs, and, if so, has the defendant become subrogated to the rights of Brown, so as to be entitled to have the amount of such converted lumber credited upon the plaintiff's saw bill? It was claimed by the defendant that there was evidence in the case sufficient to show compromise of the questions in dispute, but no such compromise was pleaded in the original answer, nor by way of amendment, and the question was not submitted to the

jury.  At the close of the trial the jury returned a verdict for the plaintiff for the full amount claimed, with interest, and from judgment upon that verdict the defendant appeals.

For the appellant the cause was submitted on the brief of *M. C. Ring, in pro. per.*, and *James O'Neill*, of counsel.  They argued, *inter alia*, that the refusal to charge as to the effect of a compromise was error because that question had been litigated all through the trial.  The agent, having bound himself by the contract, was entitled to any defense which his principal could set up, and by the latter's acceptance and ratification of the compromise was subrogated to his rights.  *Dustin v. Radford*, 57 Mich. 163; *Fairchild v. Lynch*, 99 N. Y. 359; *Wieland v. Oberne*, 20 Ill. App. 118; *Armstrong v. McKelvey*, 104 N. Y. 179.

For the respondent there was a brief by *Sturdevant & Sturdevant*, and oral argument by *L. M. Sturdevant*.

WINSLOW, J.  This is a case where several simple questions of fact seem to have been properly submitted to a jury, and decided in accordance with what the jury deemed was the preponderance of the evidence, and we have discovered no reason for disturbing that decision.

Complaint is made because the court refused to allow the defendant to prove the terms of a settlement made between himself and Brown, the owner of the logs, some time after the sawing of the logs.  It is now claimed that by such evidence the fact would have clearly appeared that, as part of the settlement, Brown's claim against *Barker* for conversion of lumber was transferred to the defendant.  It is perhaps sufficient to say that no such fact was pleaded in defense or by way of counterclaim, nor was it offered to be pleaded, nor was it intimated, when the offer of testimony was made, what the effect of the testimony would be.  Under these circumstances, we discover no error in ruling out the testimony of transactions between Brown and the defendant which took place in the absence of the plaintiff.

The defendant requested an instruction to the effect that if there was a dispute between the plaintiff and defendant as to the alleged conversion of lumber by *Barker*, and it was agreed that the matter be settled and called square between them, such an agreement would constitute a compromise, and would be binding upon the plaintiff. Conceding that there was sufficient evidence of a compromise or settlement of conflicting claims to go to the jury, it is quite clear that there was no error in refusing the instruction, for two reasons: First, no such defense was pleaded; and second, because *Ring* was at the time acting simply as an agent for Brown, and had not shown himself to have authority to settle or compromise claims. In order to constitute a valid compromise, there must be conflicting claims, and the compromise must be binding upon both parties. Certainly there was nothing in the case to show that the defendant had authority to give a binding discharge of Brown's claim for lumber converted by *Barker;* and, if Brown's claims were not barred by the settlement, certainly *Barker's* claims would not be barred.

Some general criticisms of the charge are made, but we have found no error.

*By the Court.*— Judgment affirmed.